# IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| THEDELL DOSS and JUDY ANN McCARROLL DOSS, Inmate #08864-424, )<br><br>Plaintiff, )<br><br>vs. )<br><br>CHARLES R. GILKEY, FRANCISCO QUINTANA, NORVELL MEADORS, PETE POTTIOS, KEITH CHAMBERS, DARLENE VELTRI, SARA M. REVELL, and AMBER L. NELSON, )<br><br>Defendants. ) | CIVIL NO. 06-216-JPG |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff, Thedell Doss, a former inmate in the Federal Correctional Institution in Greenville, Illinois, and Judy Ann McCarroll Doss, an inmate in the Federal Prison Camp in Greenville, Illinois, bring this action for alleged violations of their constitutional rights by persons acting under the color of federal authority.  *See Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).  This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such

relief.

28 U.S.C. § 1915A.  An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are legally frivolous and thus subject to summary dismissal.

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(f) and 10(b), the Court finds it appropriate to break the claims in Plaintiff's *pro se* complaint and other pleadings into numbered counts, as shown below.  The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.  The designation of these counts does not constitute an opinion as to their merit.

COUNT 1:   Against Defendants Chambers, Gilkey, Pottios, Meadors, Quintana, Veltri, Nelson, and Revell for discrimination against Plaintiffs in violation of the Equal Protection Clause.

COUNT 2:   Against Defendants Chambers, Gilkey, Pottios, Meadors, Quintana, Veltri, Nelson, and Revell for violations of due process.

COUNT 3:   Against Defendants Chambers, Gilkey, Pottios, Meadors, Quintana, Veltri, Nelson and Revell for violations of the free exercise clause of the First Amendment.

### FACTUAL ALLEGATIONS

Plaintiffs are married, and at the time the incidents described in the complaint began to occur, both were incarcerated in Federal Bureau of Prisons facilities: Thedell Doss at the Federal Correctional Institution in Greenville, Illinois, and Judy Ann McCarroll Doss at the Federal Prison Camp also in Greenville, Illinois.  In May 2002, Defendant Chambers informed the Plaintiffs that they would no longer be allowed to correspond with each other.  This decision was based on

Defendant Gilkey's determination that Plaintiffs' marriage certificate, a document showing an Islamic marriage, was not valid in the state of Illinois.  Plaintiffs submit evidence that Defendants also believed that the document might have been forged, although this charge may have later been cleared.  Plaintiffs filed a number of grievances on the matter, and at some point in this process it was determined that Plaintiffs' Islamic marriage certificate was considered valid in the state of Illinois.  Defendants Pottios, Meadors, Chambers and Quintana, however, had destroyed the only copy of that certificate.  Plaintiffs determined that the only way to remedy the absence of the certificate was to undergo a second Islamic marriage, which the chaplain at Greenville arranged.  The Plaintiffs were married by an Islamic Imam on September 8, 2002.  Plaintiffs include the marriage certificate as an exhibit to the complaint.

Plaintiffs' correspondence privileges were not immediately restored, however, because it was determined that Plaintiff Judy Ann McCarroll Doss had been married previously, and never legally divorced.   Plaintiffs grieved the issue to Defendant Veltri,[1]  but she continued to deny correspondence, partly on the advice of Defendants Nelson and Pottios.  On appeal, Defendant Veltri's decision was affirmed.  After that determination, it appears that Plaintiff Judy Ann McCarroll Doss was legally divorced from her first husband, and correspondence privileges were restored in July 2005.

In November, 2005, correspondence was again restricted by Defendant Nelson because of an objection to the content of one of the letters in which Thedell Doss encouraged his wife to find "other Muslim sisters to write, to assist and support other Muslim brothers with their faith."  Neither

---

[1]Plaintiffs argued that Judy Ann McCarroll Doss's "bigamous marriage" was never valid, and therefore did not require divorce.

Plaintiff was charged with any type of rule violation.  Defendant Revell affirmed Defendant Nelson's decision.

## COUNT 1

Plaintiffs claim that Defendants Chambers, Gilkey, Pottios, Meadors, Quintana, Veltri, Nelson, and Revell discriminated against them based on their Islamic faith, by the denial of correspondence, while similarly-situated, married, Christian inmates were never required to go through such a lengthy verification process in order to correspond with each other.  They further argue that each decision to deny them correspondence was motivated by religious animus, in contravention of the Equal Protection Clause of the Fourteenth Amendment.

A "prison administrative decision may give rise to an equal protection claim only if the plaintiff can establish that 'state officials had purposefully and intentionally discriminated against him.'" *Meriwether v. Faulkner*, 821 F.2d 408, 415 n.7 (7th Cir.), *cert. denied*, 484 U.S. 935 (1987); *citing Shango v. Jurich,* 681 F.2d 1091, 1104 (7th Cir. 1982).

> The gravamen of equal protection lies not in the fact of deprivation of a right but in the invidious classification of persons aggrieved by the state's action. A plaintiff must demonstrate intentional or purposeful discrimination to show an equal protection violation. Discriminatory purpose, however, implies more than intent as volition or intent as awareness of consequences. It implies that a decisionmaker singled out a particular group for disparate treatment and selected his course of action at least in part for the purpose of causing its adverse effects on the identifiable group.

*Nabozny v. Podlesny*, 681 F.2d 1091, 1103 -1104 (7th Cir. 1996), *quoting Shango v. Jurich*, 681 F.2d 1091, 1104 (7th Cir. 1982).  Based on these legal standards and the factual allegations set forth in the complaint, Plaintiffs have sufficiently stated an equal protection claim.  Count 1 cannot, therefore, be dismissed at this point in the litigation.

## COUNT 2

Second, Plaintiffs contend that in denying their correspondence, Defendants Chambers, Gilkey, Pottios, Meadors, Quintana, Veltri, Nelson, and Revell violated their own procedures and policies, in violation of the Due Process Clause.

It is axiomatic that there is no liberty or property interest under the Due Process Clause in procedures in and of themselves.

> One cannot have a "property interest" (or a life or liberty interest for that matter) in mere procedures because "[p]rocess is not an end in itself. Its constitutional purpose is to protect a substantive interest to which the individual has a claim of entitlement. . . . The State may choose to require procedures for reasons other than protection against deprivation of substantive rights, of course, but in making that choice the State does not create an independent substantive right."

*Maust v. Headley*, 959 F.2d 644, 649 (7th Cir. 1992), *quoting Doe by Nelson v. Milwaukee County*, 903 F.2d 499, 502-03 (7th Cir. 1990).  Therefore, Plaintiffs have no liberty or property interests in the procedures themselves and therefore no constitutional claim in the failure of prison officials to conform to agency procedures.  The Plaintiffs, however, do have the First Amendment right to correspondence, *see Owen v. Lash*, 682 F.2d 648, 652 (7th Cir. 1982), and a liberty interest in familial relations, *see Brokaw v. Mercer County*, 235 F.3d 1000, 1020 (7th Cir. 2000).  These rights cannot be infringed without some process.

> "[i]n procedural due process claims, the deprivation by state action of a constitutionally protected interest in 'life, liberty, or property' is not in itself unconstitutional; what is unconstitutional is the deprivation of such an interest without due process of law." *Doe by Nelson v. Milwaukee County*, 903 F.2d 499, 502 (7th Cir.1990). Thus, a procedural due process claim involves a two-part analysis: First, we determine whether the defendants deprived the plaintiff of a protected liberty or property interest, and if so, then we assess what process was due. *Hamlin v. Vaudenberg*, 95 F.3d 580, 584 (7th Cir.1996).

*Brokaw*, 235 F.3d at 1020.

Based on Plaintiff's claims and these legal standards, Count 2 cannot be dismissed from the

action at this point in the litigation.

## COUNT 3

Plaintiffs claim that Defendants Chambers, Gilkey, Pottios, Meadors, Quintana, Veltri, Nelson and Revell violated their First Amendment right to free exercise of religion.

It is well-established that "a prisoner is entitled to practice his religion insofar as doing so does not unduly burden the administration of the prison." *Hunafa v. Murphy,* 907 F.2d 46, 47 (7th Cir. 1990); *see Al-Amin v. Gramley,* 926 F.2d 680, 686 and nn. 3-5 (7th Cir. 1991) (collecting cases). On the other hand, a prison regulation that impinges on an inmate's First Amendment rights is nevertheless valid "if it is reasonably related to legitimate penological interests." *O'Lone v. Estate of Shabazz,* 482 U.S. 342, 349 (1987) (quoting *Turner v. Safley,* 482 U.S. 78, 89 (1987)). The right of an inmate to freely exercise his religion does not mean that he must be allowed to "pursue each and every aspect of the practice of his religion." *Canedy v. Boardman,* 91 F.3d 30, 33 (7th Cir.1996) (citations omitted). A prison is required only to make "reasonable efforts" to provide an opportunity for inmates to practice their religion. *Alston v. DeBruyn,* 13 F.3d 1036, 1040-41 (7th Cir.1994).

Based on Plaintiff's allegations, the Court finds that Plaintiff's have failed to state a First Amendment claim. Although the facts they describe most certainly state other constitutional claims, as noted above, Plaintiffs do not make any allegations that they were denied the ability to practice their religion. In fact, their allegations show that they were able to freely consult with both the institutional chaplain and an outside Imam, and were allowed to marry in a religious service at the prison. These allegations do not describe denial of a right to practice Islam. Accordingly, Count 3 is **DISMISSED** from the action without prejudice. *See* 28 U.S.C. § 1915A.

## DISPOSITION

Plaintiffs may proceed against Defendants Gilkey, Quintana, Meadors, Pottios, Chambers, Veltri, Revell, and Nelson on Counts 1 and 2 of the complaint.  Count 3 is dismissed from the action as described above.

**IT IS HEREBY ORDERED** that Plaintiff shall complete and submit a USM-285 form for ***Defendants Gilkey, Quintana, Meadors, Pottios, Chambers, Veltri, Revell, and Nelson***, the **UNITED STATES ATTORNEY for the SOUTHERN DISTRICT of ILLINOIS** and **the ATTORNEY GENERAL of the UNITED STATES** within **THIRTY (30) DAYS** of the date of entry of this Memorandum and Order.  The Clerk is **DIRECTED** to send Plaintiff **10** USM-285 forms with Plaintiff's copy of this Memorandum and Order.  **Plaintiff is advised that service will not be made on a defendant until Plaintiff submits a properly completed USM-285 form for that defendant.**

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for ***Defendants Gilkey, Quintana, Meadors, Pottios, Chambers, Veltri, Revell, and Nelson***.  The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint, including copies for the United States Attorney and the Attorney General, to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on ***Defendants Gilkey, Quintana, Meadors, Pottios, Chambers, Veltri, Revell, and Nelson*** in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure, ***and*** on the United States Attorney for the Southern District of Illinois and the Attorney General of the United States, Washington, D.C., pursuant to Rule 4(I) of the Federal Rules of Civil

- 7 -

Procedure.  All costs of service shall be advanced by the United States. For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form.

With respect to former employees of Bureau of Prisons who no longer can be found at the work address provided by Plaintiff, the Bureau of Prisons shall furnish the Marshal with the defendant's last-known address upon issuance of a court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal.  Address information obtained from the B.O.P. pursuant to this order shall not be maintained in the court file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received.  If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant.  Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required.  Costs of service will be taxed against the personally served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff  is **ORDERED** to serve upon Defendants or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court.  He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel.  Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts.  This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

### PENDING MOTION

Currently pending before the court is Plaintiffs' motion for appointment of counsel (Doc. 4). When deciding whether to appoint counsel, the Court must first determine if a *pro se* litigant has made reasonable efforts to secure counsel before resorting to the courts.  *See Jackson v. County of McLean*, 953 F.2d 1070, 1072 (7th Cir. 1992).  Plaintiffs make no showing that they have attempted

- 9 -

to retain counsel.  Therefore, the Court finds that appointment of counsel is not warranted at this

time.  Accordingly, Plaintiffs' motion for appointment of counsel is **DENIED**.

      **IT IS SO ORDERED.**

      **Dated:  February 5, 2007**

                          **s/ J. Phil Gilbert**
                          **U. S. District Judge**