IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **THEDELL DOSS and JUDY ANN McCARROLL DOSS, Inmate #08864-424,** )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>**CHARLES R. GILKEY,** *et al.*, )<br>)<br>Defendants. ) | **CIVIL NO. 06-216-JPG** |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

Currently pending before the Court is Defendants Revell, Nelson, and Pottios's ("Defendants") motion for reconsideration of the order (Doc. 10) granting *in forma pauperis* status to Plaintiff Thedell Doss. At the outset of the action, the Court determined that Plaintiff Thedell Doss, who then resided in a privately-administered halfway house, could proceed *in forma pauperis* without payment of any partial filing fee because he did not meet the definition of "prisoner" under the Prisoner Litigation Reform Act ("PLRA"). 28 U.S.C. § 1915(h).

In the instant motion (Doc. 35), Defendants argue that Mr. Doss was a "prisoner" under the PLRA because he was still in Bureau of Prisons ("BOP") custody at the time the case was filed. Specifically, on February 6, 2006, Mr. Doss had been granted a furlough transfer, in which he was released from the Federal Correctional Institution in Greenville, Illinois, given cab fare, and told to report at the designated "Residential Reentry Center," the Dismas House in St. Louis, Missouri. Although no longer confined in a BOP-run facility, Mr. Doss remained subject to certain BOP

controls such as periodic urinalysis testing and mandatory counseling sessions. Mr. Doss remained at the Dismsas House until July 24, 2006, when he was transferred to home confinement. He was officially released from Bureau of Prisons custody on August 6, 2006. Defendants argue that Mr. Doss was a "prisoner" under the statute at the time he filed the action, and therefore the Court erred in granting him *in forma pauperis* status without assessing and requiring payment of an initial partial filing fee. Defendants seek that the Court vacate the order granting *in forma pauperis* status without payment of any fee, assess an initial filing fee, and order Mr. Doss to pay it.

Defendants cite *Witzke v. Femal*, 376 F.3d 744 (7th Cir. 2004), which they argue stands for the proposition that an individual who files suit while detained in a halfway house is a "prisoner" for purposes of the Prisoner Litigation Reform Act ("PLRA"). This case, however, does not support their argument. The plaintiff in *Witzke* was not confined in a halfway house when he filed suit. He was confined in the Racine Correctional Institution ("RCI"), part of the Wisconsin Department of Corrections, as a prisoner, because his parole had been revoked. The confusion may stem from the fact that Witzke's suit was about his conditions of confinement prior to his parole being revoked. The court was addressing whether his claims were subject to the PLRA because they involved pre-confinement conditions, not, as the Defendants argue, whether the PLRA applies to individuals who file suit while housed in a halfway house. The *Witzke* court unequivocally states that the plaintiff was not housed in a halfway house at the time he filed suit.

> Mr. Witzke's probation was revoked formally in December of 2000 for violating its terms and conditions. Mr. Witzke filed his complaint on May 15, 2001. At that time, Mr. Witzke was a prisoner incarcerated at the RCI. Consequently, the district court properly considered Mr. Witzke a "prisoner confined in any jail, prison, or other correctional facility" as defined by the PLRA.

*Id.* at 750. Thus, *Witzke* is inapposite to the Defendants' argument because it affirms that a prisoner

confined in a state prison when he files suit is subject to the PLRA. Furthermore, the Seventh Circuit, in interpreting the statutory definition of "prisoner" under the PLRA, has cautioned that "the statutory language does not leave wriggle room; a convict out on parole is not a 'person incarcerated or detained in any facility who is ... adjudicated delinquent for, violations of ... the terms and conditions of parole.'" *Kerr v. Puckett*, 138 F.3d 321, 323 (7th Cir. 1998). Defendants admit that Mr. Doss had been released from FCI-Greenville at the time he filed suit. Although Mr. Doss was not "on parole" at the time he filed suit, he was in something less than full BOP custody. He had been released from FCI-Greenville, given cab fare, and told to report to a halfway house. The conditions imposed on him were similar to conditions of parole or supervised release. The Defendants' position is not supported by *Witzke*, and the Court will not read it as such. Thus, it is not clear that the Court erred in its determination that Mr. Doss was not subject to the filing fee provisions of the PLRA.

Even if the Court erred in its determination that Mr. Doss was not subject to the PLRA at the time he filed suit, there are a number of practical problems with Defendants' request. First, to assess an initial partial filing fee, the statute requires a statement of the Plaintiff's prison trust fund account reflecting six months of activity immediately prior to the filing of the action. The Court can only imagine the difficulty Mr. Doss would encounter obtaining this statement after he has been out of a BOP-run facility for over sixteen months. Second, section 1915 contemplates a mechanism at the place of incarceration for collecting any such fee and remitting it to the Court. The Court does not collect the fees on its own initiative, nor is it expected to under the statute. The Court does not police these transactions, the prison does. Thus, the Court and Mr. Doss would encounter great difficulty in both assessing and collecting any initial partial filing fee at this point in the litigation.

Given the dubious legal standing upon which Plaintiff's request is based, and the practical problems associated with granting it, the motion to vacate the order granting *in forma pauperis* status without payment of an initial partial filing fee (Doc. 35) is **DENIED**.

**IT IS SO ORDERED.**

**Dated:  June 22, 2007**

                                              s/ J. Phil Gilbert
                                                **U. S. District Judge**